IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3046-D

| | | |
|---|---|---|
| NEREO R. HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 8, 2010, Nereo R. Hernandez ("Hernandez" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Hernandez seeks leave to proceed in forma pauperis [D.E. 2]. On May 5, 2011, the court reviewed the complaint and allowed Hernandez's claims for deliberate indifference to a serious medical need to proceed against defendants Hassan and Dawkins [D.E. 6], and the clerk directed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to investigate plaintiff's claims [D.E. 7]. On June 6, 2011, the clerk issued summons [D.E. 9]. On July 8, 2011, the United States Marshal Service ("USMS") filed a return of summons, stating that it was unable to serve defendant Dawkins at the address provided by plaintiff [D.E. 18]. On July 25, 2011, defendant Hassan filed a motion to dismiss for improper venue or to change venue [D.E. 14]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Hernandez about the motion, the consequences of failing to respond, and the response deadline [D.E. 16]. Hernandez sought and obtained an extension of time to respond to the motion [D.E. 20–21, 25].[1] However, Harris has not responded, and the time for

---

[1] It appears that the clerk inadvertently filed Hernandez's motion for extension of time twice, compare [D.E. 20] with [D.E. 21], and incorrectly docketed the second filing as a motion for

him to do so has passed.

On August 3, 2011, NCPLS responded to the order of investigation, indicating that it had investigated plaintiff's complaint and determined that appointment of counsel was not warranted [D.E. 17]. On August 17, 2011, the court directed the North Carolina Attorney General to provide an address for service on defendant Dawkins [D.E. 19]. On August 30, 2011, Hernandez filed a motion for appointment of counsel [D.E. 22], to which defendant Hassan responded in opposition [D.E. 28–29]. On September 12, 2011, the USMS served defendant Dawkins at the address provided by the North Carolina Attorney General [D.E. 27].

On September 30, 2011, defendant Dawkins answered the complaint [D.E. 36] and filed a motion to dismiss [D.E. 34]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Hernandez about the motion, the consequences of failing to respond, and the response deadline [D.E. 37]. Hernandez did not respond, and the time for him to do so has passed. As explained below, plaintiff's motion to appoint counsel is denied, defendant Hassan's motion to transfer venue is granted, and defendant Dawkins's motion to dismiss is granted.

I.

First, the court addresses Hernandez's motion for appointment of counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Neither the facts of this case, nor Hernandez's abilities present

---

appointment of counsel. The court denies the second motion [D.E. 21] as moot.

2

exceptional circumstances. Accordingly, the court denies Hernandez's motion to appoint counsel [D.E. 22].

Next, the court addresses defendant Hassan's motion to dismiss or transfer venue. Hassan asks the court to transfer the case to the Middle District of North Carolina because both he and Hernandez are located there. Mem. Supp. Mot. Transfer 4–5. A court determines the proper venue for an action pursuant to 28 U.S.C. § 1391. Subsection (b) of section 1391 governs venue in actions where jurisdiction is not premised solely on diversity of citizenship. See 28 U.S.C. § 1391(b). This subsection provides that such actions may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.

Hernandez's allegations against Hassan arose at Albemarle Correctional Institution ("ACI"), which is located in Stanly County, in the Middle District of North Carolina. See 28 U.S.C. § 113(b). Thus, venue is proper in that district. See 28 U.S.C. § 1391(b). Moreover, the court has discretionary authority to transfer this action pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). See, e.g., Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493–95 (E.D.N.C. 2006). Additionally, Hernandez's attempt to bring a single action against defendants at different institutions implicates Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not give to a plaintiff a license to join multiple defendants in a single lawsuit when the plaintiff's claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). Accordingly, the court grants defendant Hassan's motion to transfer venue.

Finally, the court addresses defendant Dawkins's motion to dismiss for failure to state a claim. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1949–50. Similarly, a court need "not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues &

Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Hernandez alleges that, while he was incarcerated at Brown Creek Correctional Institution, he "submitted various sick-calls . . . with [defendant] Dr. Dawkins, . . . . but did not receive [any] **meaningful** medical attention or treatment while under the care of [d]efendant Dawkins until he one day [c]ompletely fell unconscious." Compl. 5–6 (emphasis added). Hernandez alleges that he was then transferred to ACI. Id. 6. Additionally, Hernandez states that his requests for "orthopedic shoes for walking because of earlier severe foot problem[s] and condition[s]" have been denied or ignored by Dawkins. Id. at 5, 7.

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must allege deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prove such a claim, Hernandez "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not give rise to a constitutional claim. Estelle, 429 U.S. at 105–06.

Hernandez has not stated a claim for deliberate indifference to a serious medical need. Hernandez acknowledges that he received medical attention from defendant Dawkins, but denies that Dr. Dawkins's treatment was "meaningful." That Dr. Dawkins's treatment of Hernandez was not effective does not give rise to a constitutional violation. See, e.g., Russell, 528 F.2d at 319; Starling v. United States, 664 F. Supp. 2d 558, 569–70 (D.S.C. 2009). Moreover, Hernandez's allegation

5

concerning his request for orthopedic shoes amounts to nothing more than a disagreement over the proper course of treatment. See, e.g., Russell, 528 F.2d at 319. Thus, Hernandez has failed to state a claim for deliberate indifference against Dawkins.

II.

In sum, the court DENIES plaintiff's motions [D.E. 21–22]. The court GRANTS defendant Hassan's motion to transfer venue [D.E. 14], and ORDERS the Clerk of Court to TRANSFER plaintiff's claim for deliberate indifference to a serious medical need against Hassan to the United States District Court for the Middle District of North Carolina, where venue is proper. The court GRANTS defendant Dawkins's motion to dismiss [D.E. 34], and DISMISSES plaintiff's claim against defendant Dawkins. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 20 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge